UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARQUISE BASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) Jury Demand |
| FOUR STAR PAVING, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff files this Complaint against Defendant for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (Title VII), and alleges the following.

### Jurisdiction and Parties

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Defendant Four Star Paving, LLC is a Tennessee limited liability company that does business in Nashville, Davidson County, Tennessee, and has its principal office at 1441 Elm Hill Pike, Nashville, Tennessee, 37210. Its registered agent for service of process is Michael G. Maynard, 1441 Elm Hill Pike, Nashville, Tennessee, 37210.

3. Defendant performs asphalt paving work in Davidson County.

4. Defendant had at least 15 employees during the years 2021 and 2022.

5. Plaintiff is a 31-year-old Black male.

## Facts

6. Plaintiff was employed by Defendant from February of 2022 until June of 2022.

7. Plaintiff worked on a crew of employees that performed asphalt paving work on roads, driveways, and other surfaces. Plaintiff's supervisor was a white man named Ryan who went by the nickname "Rambo." Plaintiff also worked with several other employees on the crew, including a man named Jesus, who was of Hispanic origin or descent. Plaintiff was the only Black employee on the crew.

8. While Plaintiff was employed by Defendant, he was subjected to constant racial harassment by his supervisor, Rambo, and by his co-worker, Jesus. This harassment occurred constantly on a daily basis over the entire four-month period during which Plaintiff was employed by Defendant.

9. Specifically, both Rambo and Jesus constantly made racist comments to Plaintiff and directed racial slurs at him. For example, Jesus repeatedly called Plaintiff the "N" word and repeatedly called him a "racoon." Jesus would also refer to Plaintiff by saying "That's the black guy with the dreads," and "That's the darkest one on the team." Rambo would often laugh when Jesus made these comments. Rambo himself would also make similar comments about Plaintiff, such as "There's the black one in the crew," and "There's the darkest one of them all." These racial slurs and comments occurred multiple times a day, every day while Plaintiff was employed there.

10. The racist comments described above were unwelcome, unwanted, and offensive.

11. The constant racial harassment described above interfered with Plaintiff's ability to perform his job, because he was always on edge about what racist comments Rambo and Jesus would make about him. Due to the constant, unrelenting racist slurs and the abusive work environment, Plaintiff experienced severe anxiety throughout each work day.

12. Due partly to the fact that he was the only Black employee on the crew, Plaintiff felt outnumbered and physically threatened by the harassment, which was aggressive and not light-hearted.

13. One of the owners of the defendant company, Clinton Hensley, who also worked in the field, was well aware that Jesus and Rambo were engaging in the racial harassment described above. In fact, at least one other Black employee told Hensley that he did not want to be placed on Rambo's crew due to the racial harassment that occurred on that crew. Despite Hensley's knowledge of the racial harassment, he never told Rambo and/or Jesus to stop the harassment and never took any corrective action whatsoever.

14. On or about June 27, 2022, Plaintiff turned on the video camera on his cell phone and recorded a video of Jesus calling him the 'N'" word. Jesus did not realize that Plaintiff was recording him when he said this, but Plaintiff informed him immediately afterwards that he had recorded the video. Jesus then informed Clinton Hensley that Plaintiff had recorded Jesus calling Plaintiff the "N" word.

15. Later that same day, on or about June 27, 2022, after learning that Plaintiff had recorded Jesus' racial slur on video, Clinton Hensley terminated Plaintiff's employment.

16. After Defendant terminated Plaintiff's employment, it replaced Plaintiff with a white employee.

17. Clinton Hensley terminated Plaintiff's employment due to his race, and because Plaintiff opposed the racial harassment he was subjected to by recording a video of the harassment taking place.

18. Clinton Hensley was a member/owner of the defendant company who had authority to take tangible employment actions against Plaintiff that would effect a change in Plaintiff's employment status, such as determining his work hours and compensation, and

terminating his employment.

19. Plaintiff's supervisor, Rambo, had authority to take tangible employment actions against Plaintiff that would effect a change in Plaintiff's employment status, such as determining his work hours and compensation, and terminating his employment.

20. The racial harassment described above caused Plaintiff significant emotional distress, mental anguish, embarrassment, humiliation, and loss of enjoyment of life.

21. As a result of Plaintiff's loss of employment with Defendant, he has sustained lost wages and benefits, and he will continue to sustain lost wages and benefits in the future.

### Count 1—Violation of Title VII—Racial Harassment

22. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-21 above.

23. The conduct described above was racial harassment, based on Plaintiff's race as a Black man, that was severe and pervasive and constituted a hostile work environment that violated 42 U.S.C. § 2000e-2(a)(1). The conduct constituted an abusive work environment that altered the conditions of Plaintiff's employment.

24. Defendant empowered the employee named Rambo to take tangible employment actions against Plaintiff that would effect a change in Plaintiff's employment status, such as determining his work hours and compensation, and terminating his employment. Accordingly, Defendant is vicariously liable for Rambo's racial harassment.

25. Aside from any vicarious liability for the racial harassment that occurred, Defendant is separately liable for the racial harassment of both Rambo and Jesus based on its negligence in failing to prevent the racial harassment from taking place and by failing to take corrective action to stop it.

26. As a result of the racial harassment that occurred in violation of Title VII,

Plaintiff sustained and is entitled to recover economic damages, including back pay, front pay, and loss of benefits.

27. As a result of the racial harassment that occurred in violation of Title VII, Plaintiff sustained and is entitled to recover compensatory damages, including damages for emotional distress and pain and suffering.

28. Defendant's violation of Title VII due to the racial harassment that occurred was malicious and intentional, or in reckless disregard for Plaintiff's legal rights, entitling Plaintiff to punitive damages.

29. Plaintiff is entitled to an award of statutory attorneys' fees and costs pursuant to Title VII.

### Count 2—Violation of Title VII—Race Discrimination--Discharge

30. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-29 above.

31. Defendant's conduct in terminating Plaintiff's employment and hiring a white employee to replace him establishes a prima facie case of racial discrimination in violation of Title VII.

32. By terminating Plaintiff's employment, Defendant discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 2000e-2(a)(1).

33. Plaintiff's race was a motivating and determinative factor in his termination.

34. As a result of Defendant's termination of Plaintiff's employment in violation of Title VII, Plaintiff sustained and is entitled to recover economic damages, including back pay, front pay, and loss of benefits.

35. As a result of Defendant's termination of Plaintiff's employment in violation of Title VII, Plaintiff sustained and is entitled to recover compensatory damages, including

damages for emotional distress and pain and suffering.

36. Defendant's violation of Title VII in terminating Plaintiff's employment was malicious and intentional, or in reckless disregard for Plaintiff's legal rights, entitling Plaintiff to punitive damages.

37. Plaintiff is entitled to an award of statutory attorneys' fees and costs pursuant to Title VII.

### Count 3—Violation of Title VII—Retaliation

38. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-37 above.

39. By terminating Plaintiff's employment because he opposed racial harassment by documenting a portion of it on video, Defendant retaliated against Plaintiff for opposing an unlawful employment practice in violation of 42 U.S.C. § 2000e-3(a).

40. As a result of Defendant's retaliation in violation of Title VII, Plaintiff sustained and is entitled to recover economic damages, including back pay, front pay, and loss of benefits.

41. As a result of Defendant's retaliation in violation of Title VII, Plaintiff sustained and is entitled to recover compensatory damages, including damages for emotional distress and pain and suffering.

42. Defendant's retaliation in violation of Title VII was malicious and intentional, or in reckless disregard for Plaintiff's legal rights, entitling Plaintiff to punitive damages.

43. Plaintiff is entitled to an award of statutory attorneys' fees and costs pursuant to Title VII.

### Exhaustion of Administrative Remedies

44. On August 12, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) for racial harassment and discrimination

under Title VII.

45. The EEOC issued a notice of right to sue on March 2, 2023.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant that includes the following:

(a) lost wages and benefits, including back pay and front pay;

(b) compensatory damages, including damages for emotional distress, mental anguish, embarrassment and humiliation, and loss of enjoyment of life;

(c) punitive damages;

(d) interest;

(e) attorneys' fees and costs; and

(f) all further legal and equitable relief to which he may be entitled.

Plaintiff further demands a jury to try the issues when joined.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 013839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

Attorney for Plaintiff